# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50433
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Rodriguez,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CR-580-4

———————————————————————

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jesus Rodriguez appeals the sentences imposed following his convictions for conspiracy to possess with intent to distribute five kilograms or more of cocaine and possession with intent to distribute 500 grams or more of cocaine. He challenges the imposition of an aggravating role adjustment under U.S.S.G. § 3B1.1(b).

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

We review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. *United States v. Ochoa-Gomez*, 777 F.3d 278, 281-82 (5th Cir. 2015). A district court's factual findings may be based "on any information that has sufficient indicia of reliability to support its probable accuracy." *Id.* at 282 (internal quotation marks and citation omitted).

Section 3B1.1(b) provides for a three-level enhancement "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). Rodriguez has not shown that the district court erred by finding that the offense involved five or more participants as the presentence report (PSR) establishes that the criminal activity included cocaine suppliers, distributors, and couriers. *See Ochoa-Gomez*, 777 F.3d at 282. Nor did Rodriguez rebut the factual findings in the PSR that he imported shipments of cocaine from Mexico, supplied large quantities of cocaine to the criminal enterprise, and directed the courier to deliver the cocaine to distributors. *See United States v. Hearns*, 845 F.3d 641, 649-50 (5th Cir. 2017). Accordingly, the district court could plausibly conclude that Rodriguez was a manager or supervisor because he exercised control over another participant and exercised management responsibility over the property and activities of the drug trafficking organization. *See Ochoa-Gomez*, 777 F.3d at 282; *see also United States v. Bowen*, 818 F.3d 179, 192 (5th Cir. 2016); *United States v. Delgado*, 672 F.3d 320, 326-27, 345 (5th Cir. 2012).

The district court's judgment is AFFIRMED.